Filed 12/15/20  Bay Area Drilling v. RGW Construction CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BAY AREA DRILLING, INC.,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>RGW CONSTRUCTION Inc. et al,<br><br>        Defendant and Respondent. | A159417<br><br><br>(Alameda County Super. Ct. No. RG18930151 ) |

        After a dispute arose in the course of a highway reconstruction project, RGW Construction obtained an arbitration award against its subcontractor, Bay Area Drilling, and filed a petition to confirm the award in the trial court. Bay Area Drilling appeals from the court's decision denying its petition to vacate the arbitration award and granting RGW Construction's petition. Because Bay Area Drilling's response to the petition to confirm the arbitration award was untimely, we affirm.

## BACKGROUND

        RGW Construction entered into a contract with Caltrans to reconstruct a stretch of Highway 880 in Oakland. RGW Construction then entered into subcontracts with Bay Area Drilling to perform work for the project. Subsequently, RGW Construction cancelled the subcontract based on its determination that Bay Area Drilling had breached the contract.

1

To recover its damages from the breach, RGW Construction initiated arbitration against Bay Area Drilling and ultimately obtained a final arbitration award in its favor.

On November 6, 2019, RGW Construction filed a petition to confirm the arbitration award in the trial court. On November 21, 2019, Bay Area Drilling filed an opposition to the petition as well as a petition to vacate the arbitration award under Code of Civil Procedure 1282.6. The trial court granted RGW Construction's petition to confirm the award, and denied Bay Area Drilling's petition for vacatur.

## DISCUSSION

RGW Construction asserts that the trial court's judgment should be affirmed because Bay Area Drilling's petition to vacate was untimely. By failing entirely to address this question in its briefing on appeal, Bay Area Drilling has forfeited the issue. (See, e.g., *Recorder v. Comm'n on Judicial Performance* (1999) 72 Cal.App.4th 258, 278 fn. 20.) We therefore affirm.

Pursuant to Code of Civil Procedure section 1290.6,[1] a response to a petition to confirm an arbitration award must be served and filed within 10 days after service of the petition (subject to an exception inapplicable here) (See *Oaktree Capital Management, L.P. v. Bernard* (2010) 182 Cal.App.4th 60, 66-67.) RGW Construction served Bay Area Drilling by overnight mail on November 6, 2019. Ten days from that date (taking into account that the last day fell on a weekend (see § 12)) would have been November 18. However, because service was by overnight delivery, section 1013, subdivision (c), extends the response deadline by two court days. As a result, Bay Area Drilling's response was due on November 20, 2019.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

The trial court thus correctly concluded that Bay Area Drilling's response, filed on November 21, was untimely and properly denied its petition to vacate. (See, e.g., *Rivera v. Shivers* (2020) 54 Cal.App.5th 82, 94 ["Because [the] response to the petition to confirm was not filed and served within 10 days of the petition, . . . the trial court had no authority to hear it."].) Further, because the allegations of a petition to confirm an arbitration award "are deemed to be admitted by a respondent duly served therewith unless a response is duly served and filed," the trial court properly granted RGW Construction's petition to confirm the award. (§ 1290.)

## Disposition

The judgment is affirmed.

_____

Burns, J.

WE CONCUR:


_____

Simons, Acting P.J.


_____

Reardon, J.[*]

(A159417)

_____

[*] Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.